## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **CRIMINAL NO. 17-596 (PAD)** |
| **SONIA SANCHEZ-ALGARIN (20),** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

On February 21, 2018, the court denied the defendant's request to revoke the U.S. Magistrate Judge's order denying bail (Docket No. 162). Following are the grounds in support of the court's decision.

## I.     BACKGROUND

On November 21, 2018, defendant was charged in Counts One through Five of the indictment with conspiracy to possess with intent to distribute controlled substances – including oxycodone (Pecocet) and Alprazolam (Xanax); and aiding and abetting in the possession with intent to distribute heroin, cocaine base, cocaine, and marijuana (Docket No. 3), all in violation of 21 U.S.C. §§ 841(a)(1), 846, 860 and 18 U.S.C. § 2, respectively. Id.[1] The object of the conspiracy was to distribute controlled substances at the San Fernando Public Housing Project in Puerto Rico. Id.

On January 12, 2018, U.S. Magistrate Judge Camille L. Vélez-Rivé held a detention hearing (Docket No. 89).[2] At that time, defendant had nothing to offer pertaining to bail. Id. Thus,

---

[1] Defendant's son, Adamés Pérez-Sánchez is also listed in the indictment.

[2] Defendant waived the arraignment (Docket No. 45).

she was ordered detained without bail, with the right to reopen the hearing at a later time. Id. On January 31, 2018, she requested that bail proceedings be reopened (Docket No. 118), which the undersigned referred to Magistrate Judge Vélez-Rivé (Docket No. 121). A reopening of bail hearing was held on February 6, 2018 (Docket No. 161). Id. The Magistrate Judge held that the presumption had not been rebutted and denied the request for bail.[3] Id. While doing so, she noted that if a pending state court case failed, the issue could be revisited. Id.

Three days later, defendant filed a supplemental motion informing the court that the criminal case against her had been dismissed (Docket No. 146).[4] Accordingly, she asked the court to reconsider the decision denying bail and find that she had rebutted the applicable presumption here. Id. That same date, the Magistrate Judge denied the request (Docket No. 150). While doing so, she (1) found that even taking into account the dismissal of the state case, defendant had not rebutted the presumption that she is a risk of flight and a danger to the community (id.); (2) noted that her decision was based on defendant's role in the drug trafficking organization as a drug point owner who illegally sold pills from her house, where she resided with several minors who were in close proximity to the controlled substances (id.): (3) added that defendant admitted ownership of a shed behind her house where controlled substances where kept, had close ties to other co-defendants including her son – who at the time was fugitive;[5] has a prior arrest for threats; and lacks employment and financial sureties; and (4) described the weight of the evidence against defendant as very strong. Id.[6]

---

[3] The court noted that defendant was awaiting trial in state court for violation of Art. 177 of the P.R. Penal Code (Threats).

[4] Copy of the Judgment in the Spanish language was attached to the motion.

[5] Mr. Pérez-Sánchez was arrested on April 9, 2018.

[6] In the process of preparing this Memorandum and Order, the court listened to the recording of the hearings held before the Magistrate Judge (on January 12 and February 6, 2018). With limited exceptions and contrary to the U.S. District Judges, Magistrate Judges do not have a Court Reporter present during the numerous proceedings held before them. Therefore, unless a

On February 15, 2018, defendant moved for a *de novo* review of the detention order (Docket No. 162). That same day, a *de novo* hearing was set for February 21, 2018 (Docket No. 163). The hearing was held as scheduled, at the conclusion of which the court ordered defendant detained without bail pending trial (Docket No. 188).

## II.  STANDARD OF REVIEW

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, permits detention of a defendant pending trial if no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person and the community. 18 U.S.C. §§ 3142(b) and (e). The government must establish risk of flight by a preponderance of the evidence; and/or dangerousness by clear and convincing evidence. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community. A grand jury indictment on a covered offense is enough to demonstrate probable cause for purposes of triggering the presumption. United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Holland, 922 F.Supp.2d 70, 71 (D.D.C. 2013).

Once triggered, the presumption imposes on the defendant a burden of production. United States v. O'Brien, 895 F.2d 810, 814-815 (1st Cir. 1990). The burden is not heavy. United States v. Stone, 608 F.3d 939, 946 (6th Cir. 2010). It is satisfied introducing at least some evidence contrary to the facts presumed. Id. Rebuttal evidence does not destroy the presumption, which

---

transcript is requested following the applicable rules and regulations, no transcript is prepared or available for those proceedings. The content of the hearing, however, is always recorded using a Digital Court Recording "DCR" program. District Judges have immediate access to DCR audio files, and may listen to the audio files when reviewing a determination made by a Magistrate Judge.

does not disappear, maintaining evidentiary weight. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); O'Brien, 895 F.2d at 814-815.

The government retains the burden of persuasion throughout, in both presumption and non-presumption cases. Stone, 608 F.3d at 946; Bess, 678 F.Supp.929 at 932; United States v. Bess, 678 F.Supp. 929, 932 (D.D.C. 1988). To determine if it has met that burden, the court must consider: (1) the presumption (if applicable); (2) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of Section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (3) the weight of the evidence; (4) the history and characteristics of the defendant; and (5) the danger posed to the community by defendant's release. 18 U.S.C. § 3142(g); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Review of a magistrate judge's release order is *de novo*. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990). The court must state in writing the reasons for the action taken. United States v. Moss, 887 F.2d 333, 338 (1st Cir. 1989); O'Brien, 895 F.2d at 813.

## III. DISCUSSION

### A. Presumption

The presumption applies in this case. Offenses triggering the presumption include those carrying a maximum term of imprisonment of 10 years or more under the Controlled Substances Act, 21 U.S.C. § 801 et seq.; the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq.; and the Marine Drug Law Enforcement Act, 46 U.S.C. App. 1901 et seq. See, Section 3142(f)(1)(C). And defendant has been charged with a violation of 18 U.S.C. §§ 841(a)(1), 846 and 860 by conspiring to possess with intent to distribute heroin, cocaine base, cocaine, and marijuana, facing a minimum mandatory sentence of 10 years and up to life imprisonment. See,

Transcript of *De Novo* Hearing ("Transcript") at p. 25.[7]  For discussion purposes, the court will assume that the presumption has been rebutted and by extension, that it retains evidentiary weight to be evaluated along with the criteria set forth in 18 U.S.C. § 3142(g).

### B.  Detention Factors

#### 1.  <u>Nature and Circumstances of Offenses</u>

As previously explained, defendant is charged with 31 other individuals with conspiracy to possess with intent to distribute controlled substances, and aiding and abetting in the possession with intent to distribute controlled substances.  These offenses occurred, in part, within protected locations which included a public housing project, a public school and a playground (Docket No. 3).  As proffered by the government the defendant was a drug point owner, the story dating back to a date *prior* to the commencement of the conspiracy charged in the indictment (Transcript at p. 25).  She sold pills (Xanax, Percocet, Tramadol, Klonopin, etc.) in her apartment, where she lived with her small grandchildren.  <u>Id.</u> at pp. 25, 29.  And as stated above, she faces a minimum of 10 years and up to life in prison.   In all, the offenses charged, the statutory sentencing exposure, and their underlying circumstances favor detention.[8]

#### 2.  <u>Weight of Evidence</u>

The evidence against defendant is strong. The government pointed to at least three (3) witnesses who identified defendant as a member of the conspiracy, a drug-point owner, and as an individual who sells pills from her residence.  <u>Id.</u> at p. 42. At least one of those witnesses stated

---

[7] District Judges have Court Reporters as part of their staff when presiding over the different proceedings held before them. Among other responsibilities listed in 28 U.S.C. § 753, reporters are responsible for promptly transcribing, when requested, the original record of all proceedings held before the judge and prepare and file a certified transcript of the same. The transcript is available, following applicable rules and regulations, to parties who have arranged payment. And it is also available at the request of a judge, at no charge to the court.  District Judges have access to the rough drafts of the transcripts before a formal request is made by any interested party, or the transcript is filed for the record in the court.

[8] For present purposes, the court is entitled to rely on maximum statutory terms of imprisonment.  <u>Moss</u>, 887 F.2d at 336.

that defendant obtained the controlled substances through her husband, who is ill and receives medication. <u>Id.</u> at pp. 39, 42. Additionally, defendant is the mother of a co-defendant who is a known dangerous enforcer for the drug trafficking organization, carried firearms as part of his role, and lived with defendant at the time, while she allowed him to store controlled substances and firearms within her property. <u>Id.</u> at pp. 42-44, 46. Thus, the weight of evidence favors detention.

3. <u>History and Characteristics of the Defendant</u>

Defendant is 56 years of age (Pretrial Services Report at p. 1). She attended school until the 9th grade. <u>Id.</u> at p. 2. She does not know English. <u>Id.</u> She reported a deceased brother. <u>Id.</u> at p. 1. For 29 years she has sustained a consensual relationship with Mr. Radhames Pérez, who is a social security beneficiary.[9] They have procreated four (4) children. At the time she was interviewed by the U.S. Probation Office, their ages ranged from 17 to 28 years of age. She is a lifelong resident of the San Fernando Public Housing Project, where she lives with her consensual partner, three (3) children and two (2) grandchildren. <u>Id.</u> at p. 2. No foreign ties or travels were identified. She does not have a U.S. passport. <u>Id.</u> These elements favor release. Defendant has no prior convictions. But the Pretrial Report confirms a prior contact with the local state criminal system. <u>Id.</u> at p. 3.[10] Further, defendant faces up to life imprisonment, which provides a motive to flee. <u>See,</u> <u>United States</u> v. <u>Valentín-Cintrón</u>, 656 F.Supp.2d 292, 296 (D.P.R. 2009)(identifying

---

[9] The Pretrial Services Report also refers to a relationship with Ángel N. Ortiz-Crespo and another with Darío García. But it is unclear from the USPO's description of defendant's background at p. 2 of the Report, what the role of these individuals was in defendant's life.

[10] In 2017, defendant was arrested for "threats" (Pretrial Services Report at p. 3). As the government proffered, defendant and her daughter Karulachi threatened an individual by stating they were going "to call "Gordo" (a/k/a of her son) to shoot the individual's house, to shoot at Isabel and to light it up with her inside the house" (Transcript, pp. 30-31). Trial was scheduled to begin on February 7, 2018, but the charges were dismissed. At the *de novo* hearing, the government referred to another arrest in 2016 that was not included in the Pretrial Service report because the case was not prosecuted and a complaint was never filed (Transcript, pp. 38). That other incident was related to controlled substances and firearms stored at a shed the defendant owned. <u>Id.</u> at pp. 37, 39. The nature of the offenses in this case, however, is different, exposing her to life in prison. <u>See,</u> <u>United States</u> v. <u>Pérez-Franco</u>, 839 F.2d 867, 870 (1st Cir. 1988)(denying bail to defendants charged with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and 846, in part because although they did not have a prior criminal record, they faced serious consequences as a result of the charges).

potential ten-year sentence in risk-of-flight analysis). These elements neutralize the elements of defendant's history and characteristics that favor release.

    4. <u>The Danger Posed to the Community by Defendant's Release</u>

Defendant contends that (i) she has no prior convictions; (ii) several persons wrote letters of recommendations demonstrating her strong ties and involvement in the community and the support of her family; (iii) her son, Félix García, is willing to act as her third party custodian and take her to his home in Arecibo; and (iv) she is willing to wear an electronic monitoring device and abide by any condition imposed by the court (Docket No. 162; Transcript at pp. 21-24). In all, she adds, she is neither a danger to the community nor a risk of flight.

The evidence proffered suggests defendant is a trusted person in the drug trafficking organization to sell oxycodone (Pecocet) and Alprazolam (Xanax) from her residence. Her role as a drug point owner precedes the conspiracy charged in the indictment, and shows that she was so involved in the operation that she was trusted by the leaders of the different drug organizations that operated in San Fernando. Moreover, she stored and sold those pills – and the controlled substances and firearms used by his son – in the same place she lived with her small grandchildren, allowing these illegal items to be within reach of those minors, further putting their lives in danger. Likewise, there are still unindicted conspirators in the community.

The congressional definition of the term "danger" encompasses harm to society caused by drug trafficking. <u>See</u>, <u>United States</u> v. <u>León</u>, 766 F.2d 77, 81 (2d Cir. 1985)(so recognizing). If released, defendant could have access to drug trafficking activities that pose a special risk of danger to the community. <u>See</u>, <u>United States</u> v. <u>Rivera-Nieves</u>, 265 F.Supp.3d 173, 178 (D.P.R. 2017)(so noting while denying bail)(<u>citing</u> <u>United States</u> v. <u>Kay</u>, 2008 WL 4449504 at *3 (N.D. Texas Oct. 1, 2008)(denying bail to a defendant found with 100 kilograms of cocaine with an approximate

street value of $2 Million in part because evidence indicated that he was a trusted member of the conspiracy, with conspiracy connections available to him).[11]   And the fact that defendant did not report any other income from a legitimate source, supports the conclusion that there is a real risk that she will resume drug trafficking if released.  See, e.g., United States v. Eli, 984 F.Supp.3 (D.D.C. 1997)(so noting).  At the end of the day, the record supports a finding that defendant is a danger to the community.

## IV.    CONCLUSION

Having carefully considered all the evidence as well as the available range of release conditions, the court concludes that the government has shown, by preponderance of the evidence, that no condition or combination of conditions will reasonably ensure defendant's appearance in court; and by clear and convincing evidence, that no condition or combination of conditions will assure the safety of the community if defendant is released.  The nature and circumstances of the offenses charged, including potential penalty; the weight of the evidence; and danger to the community outbalance other elements in defendant's personal and history and characteristics arguably supporting release.  The evidentiary weight of the rebutted presumption (assuming it was rebutted), lends added support for this conclusion.  In consequence, the defendant shall remain detained without bail pending trial.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of May, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[11] This is even more troubling when considered in light of the government's proffer regarding defendant's ability to manipulate the situations surrounding her in her favor (Transcript, pp. 32-35).